UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY JAMES,

        Petitioner,        Case Number: 2:13-cv-11443

v.        HON. NANCY G. EDMUNDS

J.A. TERRIS,

        Respondent.
_____/

OPINION AND ORDER
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner, Garry James, is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

I.

James was convicted in the United States District Court for the Western District of Michigan of using a firearm in furtherance of a drug trafficking crime. On January 4, 2007, he was sentenced to 180 months in prison, to be followed by four years supervised release.

On March 28, 2011, James filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the trial court. The district court denied the motion. *James v.*

*United States*, No. 11-310 (W.D. Mich. July 9, 2012). The petitioner filed a request for a certificate of appealability in the Sixth Circuit Court of Appeals. The Court of Appeals denied the request. *James v. United States,* No. 12-1989 (6th Cir. Feb. 4, 2013).

James has now filed the pending § 2241 petition, raising a claim that his conviction is invalid because he was not charged with a federal crime and the offense with which he was charged is "non-existent."

## II.

### A.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the claims asserted by James in his petition do not warrant habeas relief.

### B.

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 .

. . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). James' claims challenge his conviction and imposition of his sentence, and therefore are properly filed pursuant to 28 U.S.C. § 2255.

Section 2254's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a §

2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

James fails to assert any specific argument as to why his petition falls under § 2255's savings clause. The district court's denial of his § 2255 motion does not render such relief inadequate or ineffective. *Charles*, 180 F.3d at 756.

James may be able to raise his claims in a second or successive petition under § 2255; however, he must first obtain approval to file such a petition from the Sixth Circuit Court of Appeals. The Sixth Circuit has instructed district courts to transfer second or successive § 2255 motions filed in the district court without prior authorization to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Where a petition is filed pursuant to § 2241, however, the Sixth Circuit has instructed courts to rule on the petition. *See Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 516 (6th Cir. 2001); *In re Walker*, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

The Court finds that the petition is a collateral attack on the petitioner's sentence and not on its execution, that should have been brought under § 2255. James has not shown that § 2255 is inadequate or ineffective to test the legality of his detention and, therefore, he is not entitled to bring a § 2241 petition.

## III.

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the

petition is not properly filed under § 2241.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.


                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated:  April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

                                          s/Kim Grimes
                                          Acting in the absence of Carol Hemeyer,
                                          Case Manager to Judge Edmunds